## Chicago Title & Trust Company, Trustee, Appellant, v. James N. Tilton et al., Appellees.

## Gen. No. 16,065.

DECREES—*how order dismissing can be set aside.* If a cause be duly consolidated with another which other is subsequently dismissed while the merged cause is retained upon the docket for some undisclosed reason, an order cannot after the lapse of the term, without notice to the complainants in the consolidated cause so dismissed, thereafter be entered in the merged cause setting aside the dismissal of the consolidated cause and likewise setting aside the order of consolidation.

Foreclosure. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded with directions. Opinion filed January 16, 1912. Rehearing denied January 30, 1912.

CASTLE, WILLIAMS, LONG & CASTLE, for appellant.

CHARLES L. BARTLETT and SHERMAN C. SPITZER, of counsel; A. N. TAGERT, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

A bill of foreclosure was filed by the appellant, as trustee in bankruptcy, upon a trust deed given by

James N. Tilton to Frank C. Kuhn as trustee, dated March 25, 1893, as security for a loan evidenced by a note made by the said Tilton to himself as payee, dated March 25, 1893, for the sum of $2,500, and payable five years after its date. The bill was filed in the Superior Court of Cook county on December 18, 1906, and made as defendants James N. Tilton, Frank C. Kuhn, trustee, John C. Spengler, successor in trust, S. Wheelock Company, Nellie Kingsley and others, under the usual allegations that the defendants claimed some interest in the mortgaged premises, etc. To the bill an answer was filed by the defendants James N. Tilton and Nellie Kingsley, in which it was averred that the said Nellie Kingsley had obtained title to the property in question on a sale made in a suit to foreclose a mechanic's lien, it being alleged that by said foreclosure of said mechanic's lien the rights of the parties claiming under the said trust deed had been adjudicated and foreclosed.

On March 23, 1907, an amendment to the bill was filed, setting up that prior to the filing of the bill said James N. Tilton's first wife, Julia C. Tilton, had died, and that he had subsequently married the said Nellie Kingsley. Answers to the original bill were ordered to stand as answers to the amended bill, and upon replications being filed to the said answers the cause was referred to a master in chancery. After the reference to a master in chancery was had a cross-bill was filed by James N. Tilton and Nellie Kingsley Tilton, his wife, asserting the right of homestead and seeking to have the trust deed canceled and removed of record as a cloud upon the title. An answer was filed by the appellant to the cross-bill, asserting that said Superior Court had lost jurisdiction of the said mechanic's lien proceeding by dismissal, and that no jurisdiction had been acquired therein over Lydia R. Hicks, who owned and held the notes at the time of the commencement of that suit, or over the appellant, who

had succeeded to the title of Lydia R. Hicks by opera-
tion of law pending the suit, and that neither appel-
lant nor said Hicks had been made defendants to the
cause or given any notice thereof. Replication being
filed to said answer, the said cross-bill was also re-
ferred to the master for proofs and report. The mas-
ter reported, finding the facts, and recommending that
a decree be entered in accordance with the prayer of
the bill and the findings of the report, and also recom-
mending that the cross-bill be dismissed as without
equity. Objections to the master's report were filed by
the appellees James N. Tilton and Nellie Kingsley Til-
ton, which were made exceptions before the court. The
court entered a final decree finding that the defend-
ants' exceptions to the master's report were well
taken, and ordered that the complainant's amended
bill be dismissed at complainant's costs for want of
equity.

The proof taken before the master in chancery
shows substantially the following: that on or about
March 25, 1893, the appellee, James N. Tilton, nego-
tiated a loan of $2,500 from Kuhn Brothers and
Spengler, a partnership composed of Adolph A. Kuhn,
Frank C. Kuhn and John C. Spengler, then engaged
in business at Chicago as loan brokers; that he gave
as security the trust deed heretofore referred to, and
executed the notes secured thereby; that on May 24,
1893, Kuhn Brothers and Spengler sold the principal
and interest notes and delivered same, together with
the trust deed, to one of their clients, Lydia R. Hicks,
who then and there paid therefor the principal and
accrued interest due thereon; that on May 27, 1893,
the S. Wheelock Company filed a bill in the Circuit
Court of Cook county, as general number 115,803,
making as defendants Charles E. Ashton and the said
James N. Tilton, Frank C. Kuhn, Adolph A. Kuhn
and John C. Spengler, to foreclose a mechanic's lien
for an alleged balance of $399.66, claimed to be due

for lumber furnished in the construction of a building upon the premises in the trust deed mentioned; that summons was issued in the mechanic's lien suit, and served upon Ashton May 31, 1893, upon Adolph A. Kuhn and James N. Tilton June 1, 1893, and upon Frank C. Kuhn and John C. Spengler June 8, 1893; that Lydia R. Hicks was not made a party defendant, nor was Frank C. Kuhn as trustee; that no "unknown owners" were made parties to the suit; that on April 20, 1898, a default was entered against Frank C. and Adolph A. Kuhn and John C. Spengler for failure to comply with a rule theretofore entered requiring them to answer the amended bill; that on December 28, 1898, the said Lydia R. Hicks sold and delivered the principal note and trust deed for the amount then due thereon to Adolph A. and Frank C. Kuhn, who then constituted the firm of Kuhn Brothers, Spengler prior to that time having withdrawn from the firm; that Kuhn Brothers thereafter continued to own and hold the principal note until declared bankrupts; that on June 21, 1899, Charles S. Cutting, as the alleged legal holder of said notes, and Frank C. Kuhn as trustee, filed their bill in chancery in the Superior Court of Cook county, as case general number 199,701, to foreclose, making James N. Tilton, Julia C. Tilton and Nellie Kingsley (among others) parties defendant; that they appeared and filed their answer therein; that by their answer an issue was raised as to the real ownership of the notes; that on March 10, 1900, a petition was filed in the United States District Court to have Kuhn Brothers declared bankrupts, and they were so adjudicated May 7, 1900; that on June 8, 1900, the appellant, Chicago Title & Trust Company, was appointed trustee by the creditors, and qualified; that on April 24, 1901, an order was entered in the mechanic's lien case of Wheelock v. Ashton et al., Circuit Court general number 115,803, transferring the cause to the Superior Court for the purpose of

being consolidated with the case of Cutting v. Tilton, heretofore referred to; that on May 2, 1901, an order was entered in the Superior Court in the case of Cutting v. Tilton, general number 199,701, reciting the terms of the order of April 24, 1901, entered in the Circuit Court, and ordering that case number 115,803, transferred as aforesaid from the Circuit Court, be consolidated with case number 199,701; that the files in the mechanic's lien suit were transferred from the office of the Clerk of the Circuit Court to the office of the Clerk of the Superior Court, but were filed in the Superior Court as a separate suit under general number 213,931; that no action was taken in the suit known as general number 199,701 until May 19, 1903, when in the course of a general call the cause was dismissed for want of prosecution, with leave to reinstate on good cause shown; that this cause, number 199,701, was never reinstated; that on June 1, 1903, an order appears to have been entered in the Superior Court in cause number 213,931 as follows:

"This cause coming on this day to be heard on motion of the complainant therein, to set aside the order of this court of May 19, 1903, dismissing said cause, and to set aside a previous order herein, consolidating said cause with the case of Cutting v. Tilton, general number 199,701, in this court, it is ordered by the court that the order of dismissal, entered in the above entitled cause, on May 19, 1903, be, and the same is, hereby set aside and annulled, and the previous order of this court, consolidating the above entitled cause, is also hereby set aside and vacated."

That the record does not show any notice given to Charles S. Cutting and Frank C. Kuhn, as trustees, or to their solicitors, of the motion for setting aside the order of May 19, 1903; that on August 6, 1903, a decree by default was entered in the cause numbered 213,931, finding all the material allegations contained in the bill of complaint as amended to be supported by

the proofs, and finding a lien in favor of the complainant for $399.65, and finding also as follows:

"That the defendants Frank C. Kuhn, Adolph A. Kuhn and John C. Spengler were, at the filing of the bill of complaint in this cause, and at the time of the service of summons herein, the owners of the notes secured by a certain incumbrance on said real estate, to wit: a note made by James N. Tilton, dated March 25, 1893, for the sum of $2,500 and due five years after said date, and secured by a trust deed to Frank C. Kuhn, a defendant herein, of even date with said note; that said defendants have been duly defaulted in this cause, and that the complainant is entitled to a lien upon the real estate aforesaid, in accordance with the statute in such case made and provided, prior and superior to the lien of said trust deed and to the rights and interests of said defendants thereunder."

That on September 26, 1903, an order was entered in the same cause, approving the master's report of sale, and on September 6, 1906, a master's deed was issued to said Nellie Kingsley, which was recorded October 24, 1906, in which it was recited that the premises in question were sold September 26, 1903, to the complainant, S. Wheelock Company, pursuant to decree of August 6, 1903, for $667.18, and that a certificate of sale was thereupon issued to said Wheelock Company, which certificate was thereafter assigned to Nellie Kingsley, then the wife of James N. Tilton. The certificate of sale apparently was not offered in evidence, nor the assignment of it.

The points relied upon by the appellant for a reversal of the decree which we are considering are, first, that neither the appellant nor Lydia R. Hicks, assignor of the notes and trust deed to Kuhn Brothers, was made a party to the suit for the foreclosure of the alleged mechanic's lien; second, because the mechanic's lien suit having been consolidated with the suit for the foreclosure of the trust deed, and the con-

solidated suit dismissed, the court lost jurisdiction over Kuhn Brothers which never was regained; third, because the alleged priority of the alleged mechanic's lien over the trust deed was a matter that could not have been litigated in the suit for the foreclosure of the mechanic's lien under the pleadings filed therein; fourth, because appellant succeeded to the title of Kuhn Brothers by operation of law and not by voluntary transfer pending the lien suit; fifth, because at the time appellant acquired said notes and trust deed the mechanic's lien suit failed to disclose sufficient facts to bring appellant under the doctrine of *lis pendens;* sixth, because the force of the *lis pendens* of said lien suit was lost as to said Kuhn Brothers and appellant by laches of the complainant, S. Wheelock Company, in the prosecution of the lien suit; seventh, that the court erred in dismissing appellant's bill for want of equity, without granting it a personal decree against Tilton for the amount due on the notes in question.

It will be noticed from the foregoing statement of facts appearing of record that Kuhn Brothers and Spengler sold the principal and interest notes and the trust deed sought to be foreclosed in this proceeding to Lydia R. Hicks on May 24, 1893, and that three days subsequent to that time the mechanic's lien suit was brought by S. Wheelock Company.

Without considering at this time the situation of the parties after the dismissal of the consolidated case, we take up the first point, namely, that no decree binding upon Lydia R. Hicks or any other persons who became lawfully entitled to the possession and control of the principal and interest notes and the trust deed could properly be entered which would cut them off from the right to foreclose unless they at least were made parties to the proceeding. It is true that Frank C. Kuhn in his individual capacity was

made a defendant, but he was not at the time the owner of the notes, and he was not made a defendant in his capacity as trustee. At that time he was a member of the firm of Kuhn Brothers and Spengler. At the time, however, that the principal note and trust deed were purchased by Kuhn Brothers the partnership had been changed, and whatever right Kuhn Brothers possessed in the principal note and the trust deed passed to the appellant in this proceeding through the bankruptcy court.

The mechanic's lien suit, as heretofore stated, was brought in the Circuit Court of Cook county, and by agreement transferred to the Superior Court, where an order was entered to consolidate it with the suit theretofore brought for the foreclosure of the trust deed. The general number of that case was 199,701. This consolidated case was subsequently dismissed for want of prosecution. The mechanic's lien case was retained on the docket, for some reason not apparent in the record, as general number 213,931. In the case last mentioned, namely general number 213,931, there appears to have been an order entered setting aside the order dismissing case number 199,701, and an order vacating the order of consolidation. We agree with counsel for appellant that the order entered in the cause entitled Wheelock Company v. Ashton et al., general number 213,931, could not operate to set aside an order entered in the cause entitled Cutting v. Tilton, general number 199,701. No notice was given to the complainants in the suit last mentioned, or their solicitors, and the order was entered at a term subsequent to that in which the order of dismissal was entered. The objection raised is fatal. Smith v. Wilson, 26 Ill. 187.

The master found in his report that the Chicago Title & Trust Company, as trustee in bankruptcy of Kuhn Brothers, complainant, is entitled to a first, prior

and existing lien upon all the premises described, in accordance with the prayer of the bill, and recommended that a decree be entered in accordance with such prayer.

Without further discussing the points raised in the brief, we announce it as our opinion that the finding of the master was correct. The decree of the Superior Court will therefore be reversed and the cause remanded with instructions to overrule the exceptions filed to the master's report and to enter a decree in conformity therewith.

*Decree reversed and cause remanded with directions.*